54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Robert P. WHITING; Michael Whiting; and Patricia Whiting,
Defendants-Appellants.
 No. 94-6394.
(D.C. No. CIV-94-116-C)
 United States Court of Appeals, Tenth Circuit.
 May 16, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The Appellants, the Whitings, appeal the grant of summary judgment against them in a declaratory judgment action brought by Allstate to determine the scope, if any, of coverage owed to them arising out of an auto insurance policy issued by Allstate. Because the insurance policy in question did not, on its face, provide the coverage desired by the Whitings, they counterclaimed for reformation of the contract.
 
 
 3
 Although we review the grant of summary judgment de novo, we are unable to come to any conclusion other than that reached by the district court, namely, that there is no legal basis to reform the contract to provide the coverage sought by the Whitings.
 
 
 4
 The grant of summary judgment in favor of Allstate is AFFIRMED for substantially the reasons set forth by the District Court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470